FILED BY_____D.C.

JUL 10 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**MONIQUE MOISE,** )
        **Plaintiff** )  Case No. 1:25-cv-22444-ELS
         )
**V.** )
         ) **JURY TRIAL REQUEST**
**CREDENCE RESOURCE** )
**MANAGEMENT,** )
        **Defendant**

---

## Motion to Strike and Deny Defendants Affirmative Defenses

---

### I. Introduction

Plaintiff, Monique Moise, respectfully submits this Motion to Strike and Deny Defendant Credence Resource Management Affirmative Defenses, pursuant Rule 12(f) of the Federal Rules of Civil Procedure. Defendant's defenses are not only insufficient. But also reflects a disregard for their failure to comply with the Fair Debt Collection Practices Act. For the reasons outlined below, Plaintiff moves to strike these defenses as immaterial, irrelevant, and unsupported.

### II. Legal Standard

Rule 12(f) provides that a court may strike from a pleading and insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" Fed. R. Civ. P. 12(f). The court's role is to eliminate improper defenses that serve only to delay justice. Moreover, affirmative

defenses must meet the same standard of pleadings as complaints, requiring factual allegations that support a plausible defense, not just empty assertions.

### III.   Factual Background

This case arises from Defendant Credence Resource Management's unlawful and deceptive debt collection practices in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. On or about November 8, 2024, Plaintiff received a phone call from Defendant regarding an alleged T-Mobile account. During that call, Defendant failed to disclose it was a debt collector, failed to provide meaningful identification, and failed to notify Plaintiff that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692d and § 1692e(11).

Requesting all future communications be made by mail, Defendant failed to send any written notice as required under 15 U.S.C. § 1692g(a), and requirements under 15 USC 1692g were not disclosed in the initial phone call. Instead, on or around December 20, 2024, Defendant "parked" the alleged debt on Plaintiff's Experian credit report.

Plaintiff disputed the debt directly with Defendant on January 2, 2025. Credence Resource Management continued to report the debt without marking it as disputed, a violation of 15 U.S.C. § 1692e(8). Plaintiff filed for arbitration on February 16, 2025, pursuant to the terms of the agreement Credence claimed to have been assigned. However, Defendant refused to participate in arbitration and denied being the assignee of any agreement despite previous claims to the contrary.

Defendants actions blatantly disregarded and violated the Fair Debt Collection Practices Act.

### IV.    Analysis of Defendant's Affirmative Defenses

A. First Affirmative Defense: Bona Fide Error

The "bona fide error" defense is nothing more than an excuse. Defendant claims that any violation was unintentional and occurred despite procedures designed to prevent such errors. However, they failed to provide any details of these alleged procedures. Due to a number of their actions, they reflect willful conduct in clear violation of the FDCPA. "A bona fide error defense under the FDCPA consititues an allegation of mistakes, which must be pled with particularity pursuant to Rule9(b). " (Balon v. Enchanched Recover Co., Inc., 316 F.R.D. 96, 102-03 (D. M.D 2016))

Debt collectors seeking to take advantage of the bona fide error defense must explain "the manner in which [their procedures] were adapted to avoid the error," The ongoing nature of Defenant's collection efforts makes it evident that no reasonable procedure was followed. The burden is on the debt collector to prove this defense by a preponderance of the evidence. Id.; McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 948 (9th Cir. 2011). Defendant's "bona fide error " defense should be stricken as insufficient and unsupported.

**B. Second Affirmative Defense: Lack of Actual Damages**

Defendant asserts that Plaintiff has suffered no actual damages. This claim ignores both the legal framework of the FDCPA and the harm Plaintiff actually endured as a direct cause of Defendant's actions. Plantiffs complaint clearly outlines how the Defendant is liable under the

FDCPA, and how their actions and lack there of has harmed causing actual damages to the Plaintiff. Injuries are compensable under the FDCPA. This defense not only misrepresents the law but is also irrelevant to damages available under 15 USC 1692k. As such, this defense should be stricken.

### C. Third Affirmative Defense: Statute of Limitations, Laches, Estoppel, Waiver, and Unclean Hands

Defendant's fourth affirmative defense is nothing more than a catch-all list of legal doctrines thrown into the mix with no factual basis. Defendant does not explain how these doctrines could apply to Plaintiff's FDCPA claim. The timing of Plaintiffs' lawsuit is well within the statute of limitations, and none of these equitable doctrines have any relevance to this case. This defense is baseless and should be stricken for lack of factual support. When pleading defenses, certainty is required; pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient. Cady v. Chevy Chase Sav. & Loan, Inc., 528 So. 2d 136, 138 (Fla. 4th DCA 1988). This defense should be stricken.

### D. Fourth Affirmative Defense: Failure to Mitigate Damages

Defendant's argument that Plaintiff failed to mitigate her damages is irrelevant and improper in an FDCPA case. The FDCPA is a strict liability statute, and mitigation is not required for statutory damages. Failure to mitigate damages or Plaintiff's ability. To avoid damages resulting from Defendant's violation of the Fair Debt Collection Practices Act. Nyberg v. Portfolio Recovery Assocs., LLC 2016 WL 3176585, at *5 (D. Or. June 2, 2016). (striking "failure to

mitigate' affirmative defense as factually implausible and insufficient.). This defense should be stricken.

### F. Fifth Affirmative Defense: Acts of Third Parties

Defendant vaguely claims that any harm Plaintiff suffered was caused by third parties outside of its control. This defense is not only speculative, but it also lacks any factual foundation. Who are these supposed third parties? How did they allegedly cause the harm? "A properly pled affirmative defense includes ultimate facts sufficient to provide notice of the proof the defendant intends to rely upon to defeat the plaintiff's claim." S. Fla. Coastal Elec., Inc. v. Treasure on the Bay II Condo Ass'n, 89 So. 3d 264, 267 (Fla. 3d DCA 2012). This defense should be stricken.

### G. Seventh Affirmative Defense: Failure to State a Claim

Finally, Defendant's assertion that Plaintiff has failed to state a claim is nothing more than a veiled attempt at a Rule 12(b)(6) motion disguised as an affirmative defense. This defense is procedurally improper and legally flawed. See PNC Bank, Nat. Ass'n v. SM & JH, LLC, 2012 WL 2905047 at *2 (E.D.Mo. July 16, 2012) (*holding, Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Plaintiff's prima facie case ... Therefore, Defendant's first affirmative defense is stricken as legally insufficient."). Plaintiff's complaint, which details Defendant's repeated violations of the FDCPA, clearly states a claim for relief. Defendant cannot simply restate a 12(b)(6) argument as in affirmative defense. "Failure to state a claim is a defect in Plaintiff's claim; it is not an additional set of facts that bars recovery

notwithstanding the Plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense "( Boldstar Tech, LLC v. Home Depot, Inc., 517 F. 2 Supp. 2d 1283, 1291 (S.D Fla. 2007)). This defense should be stricken as improper and without merit.

## V. Conclusion

For the reasons outlined above, I respectfully request that the court strike Defendant's Affirmative Defense in its entirety. Defendant's unsupported, immaterial, and legally insufficient defenses should not be allowed to derail or delay this case. Defendant's conduct violated the FDCPA, and their defenses are baseless.

Respectfully submitted 07/10/2025

/s/ Monique Moise

Pro Se

Monique Moise

2333 NW 162nd ST Miami, FL 33056

Momoise1128@gmail.com

## Certificate of Service

I certify that a copy of Response and Motion to strike was served via emailed to counsel on July 10th, 2025.

Bradley J. St. Angelo

bstangelo@sessions.legal

Counsel for Defendant

/s/ Monique Moise

Pro Se